# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ALEXANDER F. GODLEWSKI,

        Petitioner,

v.                                                                                          Case No. 07-C-0198

STATE OF WISCONSIN,

        Respondent.

_____

## ORDER

Petitioner Alexander Godlewski ("Godlewski") filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 1, 2007. Godlewski's underlying Wisconsin state convictions are for three counts of felony failure to pay child support. In his petition, Godlewski asserts violations of his due process rights arising from the trial court's denial of his motion for a mistrial on the basis of prejudicial testimony. Godlewski further asserts ineffective assistance of counsel regarding admission of the prejudicial testimony, as well as his inability to adequately assist in his defense due to a medical condition. For the reasons stated below, the court will deny Godlewski's § 2254 petition.

## BACKGROUND

Godlewski was convicted by jury on three felony counts of failure to pay child support in Milwaukee County Circuit Court on January 30, 2004. Godlewski's ex-wife and mother of his child, Terri Walker, testified at his trial. During her testimony, Ms. Walker stated that she was "...here mostly for my son. It's - Obviously the

money would help. One income is very hard. But to be able to just have a child and walk away and not financially or even see the child I just think he needs to have some sort of accountability." (Docket #10, Ex. E, p. 2). Godlewski moved for mistrial on the basis of the testimony. (*Id*). The circuit court denied a mistrial, but struck the testimony and read a curative instruction to the jury. (*Id*). Following Godlewski's conviction, the court sentenced him to consecutive terms of imprisonment totaling six and one-half years for the three charges. However, the court stayed the sentences and placed Godlewski on probation for five years. (Docket #10, Ex. A).

Following his trial, Godlewski filed a post-conviction motion seeking reconsideration of the circuit court's decision denying a mistrial. The court denied the motion without explanation. (Docket #10, Ex. E, p.3). Godlewski then appealed the circuit court's decision, claiming that the circuit court erroneously exercised its discretion in denying his motion for a mistrial. (Docket #10, Ex. E). The Court of Appeals found that the trial court did not erroneously exercise its discretion and affirmed. *Id*. Godlewski subsequently filed a petition for review, which the Wisconsin Supreme Court denied on February 27, 2006. (Docket #10, Ex. H). Approximately one year later, on March 1, 2007, Godlewski filed the instant petition for a writ of habeas corpus.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under the statute,

-2-

federal courts may grant a writ of habeas corpus when a petitioner is held in custody under a state court decision in violation of the United States Constitution. *Corcoran v. Buss*, 551 F.3d 703, 708 (7th Cir. 2008). A state court's decision to deny an individual's motion for postconviction relief entitles that individual to habeas relief if the state court's decision was: 1) contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or 2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Badelle v. Correll*, 452 F.3d 648, 654 (7th Cir. 2006). A state court decision is "contrary to" federal law if it is substantially different than the relevant United States Supreme Court precedent because the decision applies a contradictory rule or reaches a different result on materially indistinguishable facts. *Id.* To be "an unreasonable application" of federal law, a state court decision must correctly identify the governing legal rule, but apply the rule unreasonably to the facts of the petitioner's case. *Laxton v. Bartow*, 421 F.3d 565, 570 (7th Cir. 2005).

In his petition, Godlewski asserts that his constitutional rights to due process and effective assistance of counsel were violated based on the prejudicial testimony given at his trial. However, this court need not determine whether the state court's denial of a mistrial was contrary to or involved an unreasonable application of federal law. Instead, Godlewski's claims are procedurally-defaulted and the court is barred from hearing them.

-3-

The AEDPA requires a habeas petitioner to exhaust all remedies in state court before a district court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). "Failure to exhaust state court remedies constitutes a procedural default." *Simpson v. Battaglia*, 458 F.3d 585, 595 (7th Cir. 2006) (quoting *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). The procedural default doctrine precludes a district court from addressing the merits of a habeas petition when: 1) the claim was presented to the state courts and the state court ruling rests on adequate and independent state law procedural grounds; or 2) the claim was not presented to the state court and the court would now hold the claim procedurally barred. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Thus, when a habeas petitioner "failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id*.

To avoid procedural default, a petitioner must "fully and fairly" present his federal claims to the state courts. *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). This requires the petitioner to apprise the state courts of the constitutional nature of his claims. *Id*. The court considers four factors in determining whether a petitioner fairly presented his federal claim to the state courts: 1) whether he relied on federal cases engaging in a constitutional analysis; 2) whether he relied on state cases applying a constitutional analysis to similar facts; 3) whether he framed the claim in particular terms to call to mind a specific constitutional right; and 4) whether

-4-

he alleged facts well within the mainstream of constitutional litigation. *Id.* In the absence of either one of the four factors, or a state court acknowledgment of the federal claim, the state courts did not have a fair opportunity to consider the claim. *Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001).

Godlewski's claims are procedurally defaulted because they do not meet any of the four factors constituting "full and fair" presentment of the claims to the Wisconsin Court of Appeals. First, Godlewski did not rely on any federal cases engaging in a constitutional analysis. In his brief to the Wisconsin Court of Appeals, Godlewski cites only Wisconsin case law and Wisconsin statutes. (*See* Docket #10, Ex. B). Second, his cited state case law[1] does not apply a constitutional analysis to facts similar to his own, but rather addresses state trial court judges' discretion in denying post-conviction relief. Third, Godlewski framed his argument as an "abuse of discretion" argument. Nowhere in Godlewski's appellate brief does he mention or allude to a constitutional right. (*See* Docket #10, Ex. B). Fourth, Godlewski's alleged facts do not fall "well within the mainstream of constitutional litigation." His arguments apply only to an alleged abuse of discretion by the trial judge. However, "abuse of discretion" is not a phrase that articulates a constitutional argument. *See Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001). "To the contrary, abuse-of-

---

[1]Godlewski cites the following case law regarding trial judges' discretionary decisions and ability to grant or deny a motion for mistrial: *Loy v. Bunderson*, 107 Wis.2d 400, 320 N.W.2d 175 (1982); *McCleary v. State*, 49 Wis.2d 263, 277, 182 N.W.2d 512, 519-20 (1971); *Johnson v. Johnson*, 78 Wis.2d 137, 143-44, 254 N.W.2d 198, 202 (1977); *City of Brookfield v. Milwaukee Metro. Sewerage Dist.,* 171 Wis.2d 400, 423, 491 N.W.2d 484, 493 (1992); *State v. Grady*, 93 Wis.2d 1, 13, 286 N.W.2d 607, 612 (Ct. App. 1979); *Oseman v. State*, 32 Wis.2d 523, 528-29, 145 N.W.2d 766, 770 (1966).

discretion arguments are ubiquitous, and most often they have little or nothing to do with constitutional safeguards." *Id.* Lastly, the state court did not acknowledge a federal claim in Godlewski's appeal. (*See* Docket #10, Ex. E). Therefore, Godlewski failed to fairly present his federal claims to the state court. *See Anderson*, 471 F.3d at 815.

A narrow exception exists to the bar on the court's ability to hear procedurally-defaulted habeas claims. A district court may consider a defaulted claim only if the petitioner can establish cause and prejudice for the default, or establish that failure to consider the claim would result in a fundamental miscarriage of justice. *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008) (citing *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008)). "Cause" sufficient to excuse procedural default is an "objective factor external" to the defense which prevents a petitioner from pursuing his constitutional claim in state court. *Holleman v. Cotton*, 301 F.3d 737, 744 (7th Cir. 2002). Alternatively, a petitioner can show a "fundamental miscarriage of justice" warranting habeas relief, despite procedurally defaulted claims, if he can show actual innocence. *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). In order to show "actual innocence," a petitioner must provide "clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." *Id.*

The exception does not apply to Godlewski's habeas petition and his claims are not exempted from procedural default. Upon review of Godlewski's petition and supporting brief, the court concludes that Godlewski does not, and cannot, establish either cause and prejudice or a fundamental miscarriage of justice. Godlewski makes no argument and provides no factual support showing that he was unable to present his constitutional claims of due process and ineffective assistance of counsel to the Wisconsin Court of Appeals. Further, Godlewski fails to provide "clear and convincing evidence" of his actual innocence. Instead, Godlewski's argument focuses on the prejudicial nature of Ms. Walker's testimony and the need for a mistrial. Thus, Godlewski's habeas petition does not warrant application of the narrow exception.

Finally, Godlewski raises a number of additional claims in his habeas petition and supporting brief. However, the only issue Godlewski presented to the Wisconsin Court of Appeals was the denial of his motion for mistrial. Thus, his additional claims are also procedurally defaulted and the court will deny the habeas petition with prejudice. *See McClain v. Deuth*, No. 97-1599, 1998 WL 516804, at *2 n.1 (7th Cir. June 24, 1998) ("A petition containing only procedurally defaulted claims is properly denied with prejudice.") (citing *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995)).

Accordingly,

**IT IS ORDERED** that Godlewski's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED** and this case is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge